UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KITT HOLDINGS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:17-cv-2421 RLM-MPB |
| | ) |
| MOBILEYE B.V., | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Kitt Holdings, Inc. sued Mobileye B.V., claiming patent infringement. Mobileye B.V. moved to dismiss the suit pursuant to Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction and 12(b)(3) for lack of proper venue. [Doc. No. 22]. For the following reasons, the court grants the motion in part and denies it in part.

Because the complaint raises patent infringement claims, case law of the Federal Circuit Court of Appeals applies to the jurisdictional issues in Mobileye B.V.'s motion to dismiss. New World Int'l, Inc. v. Ford Glob. Techs., LLC, 859 F.3d 1032, 1037 (Fed. Cir. 2017). The court is ruling based on the affidavits and written evidence presented by the parties and without an evidentiary hearing, so Kitt Holdings "need only to make a prima facie showing that defendants are subject to personal jurisdiction." M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda., 890 F.3d 995, 999 (Fed. Cir. 2018) (quoting Elecs. for Imaging, Inc. v. Coyle, 340 F.3d 1344, 1349 (Fed. Cir. 2003)). The court "accept[s] the uncontroverted allegations in the plaintiff's complaint as true and resolve[s] any

factual conflicts in the affidavits [and exhibits] in the plaintiff's favor." Id. (quoting Elecs. for Imaging, Inc. v. Coyle, 340 F.3d at 1349).

"[A court's] determination of whether a defendant is subject to specific personal jurisdiction in the forum state involves two inquiries: first, whether the forum state's long-arm statute permits service of process and, second, whether the assertion of jurisdiction is consistent with due process." Celgard, LLC v. SK Innovation Co., 792 F.3d 1373, 1377 (Fed. Cir. 2015). Indiana's long-arm statute extends personal jurisdiction to the outer limits of the Due Process Clause, so if Indiana is the relevant forum, the two inquires merge. Ind. Trial Rule 4.4(A); LinkAmerica Corp. v. Cox, 857 N.E.2d 961, 967 (Ind. 2006).

The parties proceed on the assumption that Indiana is the relevant forum for personal jurisdiction and don't address the application of Fed. R. Civ. Proc. 4(k)(2). "Rule 4(k)(2) allows 'a court to exercise personal jurisdiction over a defendant if (1) the plaintiff's claim arises under federal law, (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and (3) the exercise of jurisdiction comports with due process.'" M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda., 890 F.3d at 999 (quoting Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico, 563 F.3d 1285, 1293–1294 (Fed. Cir. 2009)). The due process analysis under Rule 4(k)(2) "contemplates a defendant's contacts with the entire United States, as opposed to the state in which the district court sits." Id. (quoting Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico, 563 F.3d at 1295). If, as in our case, the "defendant contends

that he cannot be sued in the forum state and [doesn't] identify any other where suit is possible, then the federal court is entitled to use Rule 4(k)(2)." Merial Ltd. v. Cipla Ltd., 681 F.3d 1283, 1293–1294 (Fed. Cir. 2012). If Mobileye B.V.'s contacts with the United States as a whole are insufficient to allow this court to exercise personal jurisdiction over it, its contacts with Indiana are also necessarily insufficient for the exercise of personal jurisdiction, so the court will proceed under the Rule 4(k)(2) analysis.

There are two types of personal jurisdiction: general and specific. Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty., 137 S. Ct. 1773, 1780 (2017). "[O]nly a limited set of affiliations with a forum will render a defendant amenable to [general] jurisdiction there." Daimler AG v. Bauman, 134 S.Ct. 746, 760 (2014).

> For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home. With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction.

Id. (citations and alterations omitted). Kitt Holdings doesn't argue that Mobileye B.V. is subject to general personal jurisdiction and the undisputed evidence shows that Mobileye B.V. is a Dutch corporation with its principal place of business in Israel, so this court doesn't have general personal jurisdiction over it.

This court can exercise specific jurisdiction over Mobileye B.V. only if: "(1)

[Mobileye B.V] purposefully directed its activities at residents of the forum; (2) the claim arises out of or relates to [Mobileye B.V's] activities with the forum; and (3) assertion of personal jurisdiction is reasonable and fair." M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda., 890 F.3d at 1000 (citing Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico, 563 F.3d at 1297).

Mobileye B.V. argues that it isn't subject to specific personal jurisdiction and, in support, filed an affidavit by Ofer Maharshak, its Chief Financial Officer, in which he declares that Mobileye B.V. doesn't own any intellectual property; doesn't manufacture, sell, distribute, or ship any products to the United States; and has never made or manufactured the accused products. [Doc. No. 23]. In response, Kitt Holdings contends that the court can exercise specific jurisdiction over Mobileye B.V. under the stream of commerce theory because, according to Kitt Holdings, Mobileye B.V. intended to serve a U.S. market and Indiana, that intent resulted in the introduction of a product into that market, and Kitt Holdings' cause of action results from injuries caused by that product.

Kitt Holdings suggests evidence it submitted contradicts Mr. Maharshak's declaration, pointing to a Mobileye B.V. 20-F Securities and Exchange Commission filing that says "we" own considerable intellectual property and "our products were installed in approximately 9.7 million vehicles worldwide through December 31, 2015"; a Mobileye B.V. 6-K form filed with the Securities and Exchange Commission describing "Mobileye's products [that] are or will be integrated into car models from more than 25 global automakers"; and a

4

Mobileye website it claims lists at least two retailers in Indiana.

Mobileye B.V. aruges that Kitt Holdings improperly conflates Mobileye B.V. with its subsidiaries and partners and that its evidence, when viewed in whole, doesn't contradict Mr. Maharshak's affidavit. The court agrees. Other parts of the 20-F filing expressly state that Mobileye B.V. is a holding company and that Mobileye Vision Technologies, not Mobileye B.V., owns all Mobileye intellectual property. While Kitt Holdings highlights an portion of the 20-F filing that says "we" own considerable intellectual property and "our products were installed in approximately 9.7 million vehicles worldwide through December 31, 2015," page three of the filing, also omitted by Kitt Holdings, clarifies that references to "Mobileye," "we," and "our" "refer to Mobileye [B].V. together with its subsidiaries." The portion of the 6-K form cited by Kitt Holdings appears to be an accurate statement of activities of the Mobileye companies generally and its references to Mobileye generally, not Mobileye B.V. specifically, don't contradict Mr. Maharshak's declaration or the 20-F filing. Kitt Holdings doesn't provide any evidence to suggest that Mobileye B.V., rather than another Mobileye company, owns and operates the mobileye.com website.

To the extent Kitt Holdings seeks to impute the activities of Mobileye B.V.'s subsidiaries to Mobileye B.V., it is unavailing. Kitt Holdings cites no evidence that Mobileye B.V. exerts control over its subsidiaries or that corporate formalities were disregarded. *See* Nuance Commc'ns, Inc. v. Abbyy Software House, 626 F.3d 1222, 1235 (Fed. Cir. 2010). *See also* Cent. States Pension Fund

v. Reimer Express World Corp., 230 F.3d 934, 943 (7th Cir. 2000) ("personal jurisdiction cannot be premised on corporate affiliation . . . alone where corporate formalities are substantially observed and the parent does not exercise an unusually high degree of control over the subsidiary").

Kitt Holdings carries the burden of making a prima facie case that this court has personal jurisdiction over Mobileye B.V., see M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda., 890 F.3d at 999, but it hasn't pointed to evidence showing that Mobileye B.V., as opposed to its subsidiaries, has the minimum contacts with the forum that would allow this court to exercise personal jurisdiction over it.

Having determined that the court doesn't have personal jurisdiction over Mobileye B.V., Mobileye B.V.'s motion to dismiss the suit pursuant to Fed. R. Civ. Proc. 12(b)(3) for lack of proper venue is moot.

Accordingly, the court GRANTS IN PART and DENIES IN PART Mobileye B.V.'s motion to dismiss [Doc. No. 22] as follows: the court GRANTS the motion insofar as it seeks to dismiss the suit pursuant to Fed. R. Civ. Proc. 12(b)(2) for lack of personal jurisdiction and DENIES AS MOOT the motion's request to dismiss the suit pursuant to Fed. R. Civ. Proc. 12(b)(3) for lack of proper venue.

SO ORDERED.

ENTERED: July 11, 2018

/s/ Robert L. Miller, Jr.
Judge, United States District Court

Electronically distributed to all registered counsel of record via ECF.